**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **ROBERT S. VISINTINE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 00-742 (RWR) |
| ) | |
| **BUREAU OF PRISONS,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Robert S. Visintine, a *pro se* federal inmate, brings this action against the Bureau of Prisons ("BOP") under the Privacy Act, 5 U.S.C. § 552a, seeking correction of his custody classification score and allegedly inaccurate information in his presentence investigation report ("PSR"), and damages for adverse determinations he suffered as a result of BOP's failure to accurately maintain his inmate records. BOP has moved to dismiss the complaint for failure to state a claim for which relief can be granted. Because the records at issue are exempt from coverage under the Privacy Act, the complaint will be dismissed.

BACKGROUND

Visintine is currently serving a federal sentence. He alleges that the United States Probation Office in the Southern District of Ohio prepared a PSR about him that improperly contained information about an expunged juvenile conviction for aggravated burglary used by BOP to determine his custody

-2-

classification score.  (Compl. ¶ 10.)  BOP calculated a score of fifteen points, which resulted in a security and custody level of "medium-in."  (Def.'s Mot. to Dismiss, Harris Decl. (Aug. 16, 2000) ¶ 7.)  Three of these fifteen points were assigned based on the disputed juvenile conviction.  (Id. ¶ 3.)

Visintine unsuccessfully asked BOP several times to have the information in his PSR regarding his juvenile conviction removed.  (Compl. ¶¶ 11-16; Pl.'s Opp'n, Visintine Aff. ¶¶ 10-13, 20.)  After the BOP Central Office denied his final appeal, Visintine filed this action alleging that "BOP and/or its employees have intentionally and willfully refused to comply with the requirements, rules and procedures of the Privacy Act of 1974[,]" by refusing to correct his PSR and to amend his custody classification.  (Compl. ¶ 32.)  BOP moved to dismiss claiming that it has now lowered Visintine's custody classification score by three points given the absence of documentation corroborating the juvenile adjudication, although his security and custody level nevertheless remains the same.  (Def.'s Mot. to Dismiss, Mem. of P. & A. at 5, Stmt. of Mat. Facts Not in Dispute ¶ 9.)

## DISCUSSION

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court must assume the truth of well-pleaded allegations." Warren v. Dist. of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004).  Additionally, a plaintiff should be granted the "benefit of all

-3-

inferences that can be derived from the facts alleged." Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005) (internal quotation omitted). A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because Visintine appears *pro se*, his complaint should be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Razzoli v. Bureau of Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000).

Visintine alleges that BOP has violated various provisions of the Privacy Act, 5 U.S.C. § 552a, including §552a(d)(2)(A), (d)(2)(B)(i), (d)(2)(B)(ii)[1] and (e)(5),[2] by intentionally and willfully refusing to correct inaccurate portions of his PSR and custody classification, and not following the procedures for

---

[1] The Privacy Act allows an individual to request an agency to amend a record pertaining to him and requires the agency to "promptly, either make a correction of any portion thereof which the individual believes is not accurate, . . . or inform the individual of its refusal to amend the record in accordance with his request [and] the reason for the refusal." 5 U.S.C. § 552a(d)(2)(B). If the agency determines that it will not amend an individual's record, that individual may file a civil action and "the court may order the agency to amend the individual's record in accordance with his request or in such other way as the court may direct." 5 U.S.C. § 552a(g)(2)(A).

[2] Under the Privacy Act, any agency that maintains a system of records must "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).

-4-

review and appeal set forth in the statute.  Visintine seeks under § 552a(g)[3] to amend his records, and obtain actual and punitive damages[4] and reasonable attorney's fees for BOP's failure to accurately maintain his records.  (Compl. ¶¶ 41-48.)

I.  AMENDMENT

An agency may promulgate regulations exempting certain records from portions of the Privacy Act if those records are "compiled for the purpose of identifying individual criminal offenders and alleged offenders and [they consist] only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status."  5 U.S.C. § 552a(j)(2)(A).  Custody classification forms are maintained in

---

[3] "Whenever any agency . . . fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual . . ., the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."  5 U.S.C. § 552a(g)(1)(C)-(D).  In any suit brought under § 552a(g)(1)(C) or (D) "in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to that individual in an amount equal to the sum of actual damages . . . and the costs of the action together with reasonable attorneys fees . . . ."  5 U.S.C. § 552a(g)(4).

[4] Punitive damages are not available under 5 U.S.C. § 552a(g)(4)(A).

BOP's Inmate Central Records System.  Rodriguez v. Bureau of Prisons, Civil Action No. 06-34, 2007 WL 779057, at *2 (D.D.C. Mar. 8, 2007).  BOP has exempted itself entirely from the access and amendment requirements of 5 U.S.C. §§ 552a(d) and the civil remedies of 5 U.S.C. § 552a(g) with respect to PSRs and inmate records.  28 C.F.R. § 16.97(a)(4) ("[T]he Inmate Central Record System" is "exempt from 5 U.S.C. [§] 552a(d)[.]").  See, e.g., Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940, at *1 (D.C. Cir. Sept. 3, 2003) (noting that "[u]nder the BOP's Privacy Act regulations[,] inmate records systems are exempt from the Act's amendment provision"); Hidalgo v. Bureau of Prisons, No. 01-5257, 2002 WL 1997999, at *1 (D.C. Cir. Aug. 29, 2002) ("Appellant failed to state a claim under the Privacy Act because the Bureau of Prisons inmate records systems are exempt from the access and amendment provisions of the Privacy Act."); White v. U.S. Prob. Office, 148 F.3d 1124, 1125 (D.C. Cir. 1988) (holding that because "presentence reports and BOP inmate records systems are exempt from the amendment provisions of the Act . . . [appellant] is barred from seeking amendment of his presentence report").  Visintine is not entitled to injunctive relief or amendment of either his custody classification form or his PSR under 5 U.S.C. § 552a(g)(2)(A) as BOP has exempted its inmate records from this provision.

## II. FAILURE TO MAINTAIN ACCURATE RECORDS

"[I]f the Court determines that the agency's actions [in failing to maintain accurate records] were willful or intentional, it may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy." Almahdi v. Lyons, Civil Action No. 05-218, 2006 WL 751331, at *2 (D.D.C. Mar. 21, 2006). Section 552a(g) of the Privacy Act provides civil remedies for violation of the accuracy provisions of § 552a(e)(5). However, BOP's Central Inmate Records System is also exempt from § 552a(e)(5). 28 C.F.R. § 16.97(j) ("The following system of records is exempted pursuant to 5 U.S.C. § 552a(j) from subsections (e)(1) and (e)(5): Bureau of Prisons Inmate Central Records System."). See Fisher v. Bureau of Prisons, No. 06-5088, 2007 U.S. App. LEXIS 5140, at *1 (D.C. Cir. Mar. 1, 2007) (holding that the Bureau of Prisons has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act and finding inaccurate a previous holding that regulations governing BOP had not exempted agency records from 5 U.S.C. § 552a(e)(5)); Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)."); Mitchell v. Bureau of Prisons, Civil Action No. 05-443, 2005 WL 3275803 (D.D.C. Sept. 30, 2005);

-7-

Skinner v. U.S. Dep't of Justice, Civil Action No. 04-1376, 2005 WL 1429255, at *2 (D.D.C. June 17, 2005) ("Having exempted its records from the substantive provision regarding the agency's record-keeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard record-keeping."). Unfortunately for Visintine, because BOP is exempted from 5 U.S.C. § 552a(e)(5)'s requirement that it maintain its inmate records with accuracy, no relief is available to him under 5 U.S.C. § 552a(g).

## CONCLUSION

BOP has exempted its system of inmate records from the Privacy Act's amendment provisions, 5 U.S.C. § 552a(d), and its accuracy provision, 5 U.S.C. § 552a(e)(5). As such, Visintine is not entitled to amendment or damages under 5 U.S.C. § 552a(g). Accordingly, BOP's motion to dismiss will be granted. A separate Order accompanies this Memorandum Opinion.

SIGNED this 31st day of March, 2007.

                                                           /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge